IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JENNIFER L. SNYDER,

      Plaintiff,

 -vs-

NANCY A. BERRYHILL,[1]
COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

Civil Action No. 18-77

AMBROSE, Senior District Judge

# OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 16 and 18). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 17 and 19). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion for Summary Judgment (ECF No. 16) and denying Defendant's Motion for Summary Judgment. (ECF No. 18).

## I.    BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying her application for disability insurance benefits pursuant to the Social Security Act. Plaintiff filed her application alleging she has been disabled since June 16, 2014. (ECF No. 8-7, p. 2). Administrative Law Judge ("ALJ"), Sarah Ehasz, held a hearing on August 15, 2016. (ECF No. 8-3). On November 15, 2016, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 8-2, pp. 16-30).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 16 and 18). The issues are now ripe for review.

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity ("RFC"). 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Failure to Discuss Opinion Evidence in the form of a Functional Capacity Evaluation ("FCE")

Plaintiff first argues that the ALJ erred by failing to mention or discuss Dr. Rodgers' opinion set forth in a FCE performed on June 27, 2016. (ECF No. 17, p. 10-12). The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* § 416.927(c)(2). If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give

3

that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where. . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

In this case, Plaintiff submits that the ALJ completely failed to weigh the opinions of Dr. Rodgers set forth in the FCE. (ECF No. 10, p. 2). As a result, Plaintiff submits that remand is warranted. *Id.* After a review of the evidence, I agree.

While the ALJ need only discuss the most pertinent, relevant evidence bearing upon a claimant's disability status, he/she must provide sufficient discussion to allow the court to determine whether any rejection of potentially pertinent, relevant evidence was proper. *Johnson v. Comm'r of SS,* 529 F.3d 198, 203-04 (3d Cir. 2008). To that end, an ALJ must provide sufficient explanation of his/her final determination to provide a reviewing court with the benefit of the factual basis underlying the ultimate disability finding. *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981). "'In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored.'" *Burnett v. Comm'r of SS,*

220 F.3d 112, 121-22 (3d Cir. 2000), *quoting Cotter v. Harris,* 642 F.2d 700, 705 (3d Cir. 1981); *Fargnoli v. Massanari,* 247 F.3d 34, 44 (3d Cir. 2001). An ALJ's findings should be as "comprehensive and analytical as feasible," so that the reviewing court may properly exercise its duties under 42 U.S.C. §405(g). *Cotter,* 642 F.2d at 705.

In the present case, I find the ALJ failed to meet this standard. As Defendant acknowledges, the ALJ did not recognize or weigh the opinions of Dr. Rodgers set forth in the FCE. *See,* ECF No. 19, p. 10 and ECF No. 8-7, p. 2-9. As a result, I am unable to tell if the ALJ considered and rejected and/or accepted the opinion or if she failed to consider the same. The doctor's opinions, as part of the record, should have been discussed. 20 C.F.R. §§ 404.1527; 416.927. "Although the ALJ 'may properly accept some parts of the medical evidence and reject other parts ... he must consider all of the evidence and give some reason for discounting the evidence he rejects.'" *See Lanza v. Astrue,* No. 08-301, 2009 WL 1147911, at *7 (W.D. Pa. April 28, 2009), *quoting Colon v. Barnhart,* 424 F.Supp.2d 805, 812 (E.D. Pa 2006). The ALJ's failure to discuss the opinion of Dr. Rodgers prohibits me from conducting a proper and meaningful review.

In opposition, Defendant suggests that the error is harmless because Dr. Rodgers' opinions would not have changed the opinion of the ALJ such that remand is not warranted. (ECF No. 19, p. 10). A simple comparison of the RFC and Dr. Rodgers' opinions reveals that they are not the same. *Compare,* ECF No. 8-2, pp. 21-22 *with* ECF No. 8-27, pp. 2-9. For example, the sit/stand option is different. *Id.* It is not for me to guess why the ALJ rejected said evidence. Rather, it is for the ALJ, in the first instance, to review and explain the rejection of medical opinion evidence in relation to all of the other evidence. Therefore, I am prohibited from conducting a meaningful and proper review. Consequently, remand is warranted.[2]

An appropriate order shall follow.

---

[2] Plaintiff raises various other arguments in his brief regarding the weighing of medical opinion evidence. (ECF No. 17, pp. 12-17). Since I am remanding as set forth above, these issues will be reevaluated, *de novo*, as well. Therefore, I need not consider the details of the arguments it at this time.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JENNIFER L. SNYDER, )
　)
　　Plaintiff, )
　)
 -vs- ) Civil Action No. 18-77
　)
NANCY A. BERRYHILL,[3] )
COMMISSIONER OF SOCIAL SECURITY, )
　)
　　Defendant. )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 13th day of March, 2019, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 16) is granted and Defendant's Motion for Summary Judgment (Docket No. 18) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.

　　　　　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　s/ Donetta W. Ambrose
　　　　　　　　　　　　　Donetta W. Ambrose
　　　　　　　　　　　　　United States Senior District Judge

---

[3] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.